UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARLES JONES,  )
                                                 Plaintiff,  )
                    -against-  )

THE CITY OF NEW YORK; POLICE OFFICER  )
WILLIAM SMITH, Shield No. 12405; POLICE  )
OFFICER THOMAS DUNN, Shield No. 29032;  )
POLICE OFFICER WILLIAM GARCIA, Shield  )
No. 9230; JOHN DOES; RICHARD ROES,  )
                                                Defendants.  )
------------------------------------------------------------X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

15 Civ. 145 (VSB)

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff CHARLES JONES seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

1

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

6. Plaintiff CHARLES JONES is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York, County of New York. Plaintiff Charles Jones is a black man.

7. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agents in the area of law enforcement to members of the public, and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. Defendants POLICE OFFICER WILLIAM SMITH, POLICE OFFICER THOMAS DUNN, POLICE OFFICER WILLIAM GARCIA and JOHN DOES are and were at

all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE OFFICER WILLIAM SMITH, POLICE OFFICER THOMAS DUNN, POLICE OFFICER WILLIAM GARCIA and JOHN DOES are sued individually.

9.      Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants RICHARD ROES are sued individually.

## STATEMENT OF FACTS

10. On November 10, 2012, approximately 8:15 p.m., Plaintiff CHARLES JONES entered the building located at 101 W. 112th Street, Manhattan, NY.

11. Plaintiff's brother lived in Apt. 1E, and Plaintiff had grown up in the building.

12. Plaintiff knocked on his brother's door, but no one answered, so Plaintiff took the elevator up to the 5th floor to visit a long-time family friend who lived in Apt. 5F.

13. After Plaintiff got off the elevator on the 5th Floor, approximately 3 or 4 JOHN DOES Police Officers, on information and belief including Defendant POLICE OFFICER WILLIAM SMITH and POLICE OFFICER WILLIAM GARCIA, told Plaintiff to come over to them, and Plaintiff did so.

14. One of the officers asked Plaintiff who he was there to visit, and Plaintiff explained that his brother lived in Apt. 1E, and that he was not home so Plaintiff was going to visit his friend in Apt. 5F.

15. Plaintiff's friend from Apt. 5F – who knew Plaintiff from his childhood – came out of her apartment and explained to the JOHN DOES Police Officers, in sum and substance, that she knew Plaintiff, that Plaintiff had grown up in the building, that Plaintiff had family who lived in the building, and that there was no problem with his presence in the building.

16. Plaintiff was told by the JOHN DOES Police Officers that he was being arrested for trespassing.

17. Plaintiff was searched, handcuffed, and arrested by the Officers.

18. Three other men, who also were present on the 5th Floor, but who Plaintiff had nothing to do with, were also arrested for alleged trespass at or around the same time as Plaintiff.

19. Plaintiff was brought to the NYPD 28th Precinct.

20. At the 28th Precinct, Plaintiff was subjected to a strip search by two of the JOHN DOES Officers who had arrested him, on information and belief including his arresting officer, Defendant SMITH.

21. Plaintiff was made to strip totally naked, and to spread his buttocks and lift his scrotum for review by the Officers.

22. While Plaintiff was being held at the 28th Precinct, his brother came to the precinct and showed his identification to JOHN DOES Police Officers, and told them that Plaintiff had indeed been in the building to visit with him, with his consent and permission.

23. The JOHN DOES Officers at the precinct were uninterested in what Plaintiff's brother was telling them.

24. Plaintiff was held in custody at the 28th Precinct overnight, and then brought to Manhattan Central Booking.

25. Plaintiff and the other 3 arrestees from the building were brought to Central Booking by 3 JOHN DOES Officers, including, on information and belief, Defendant SMITH.

26. Plaintiff was handcuffed with excessive tightness during his transport in the police van to Central Booking.

27. The 3 JOHN DOES Officers made a stop on the way to Central Booking to pick up another arrestee, and had Plaintiff and the other 3 arrestees from the building sitting in the police van, handcuffed, for an inordinate period of time.

28. Plaintiff (as well as the other 3 arrestees in the van with him) complained numerous times about the painful and excessive tightness of his handcuffs, but his complaints were both

ignored by the 3 JOHN DOES Police Officers, and he was also told by the JOHN DOES Police Officers, in sum and substance, to just be quiet.

29. Defendant SMITH was the complainant on the Criminal Court Complaint that was lodged against Plaintiff, which charged Plaintiff with Trespass, and Criminal Trespass in the Second and Third Degree.

30. The factual allegations in the Criminal Court Complaint accuse Plaintiff as follows:

> I observed the defendant with three individuals inside of a staircase at the above named location, a trespass affidavit building. When I approached the defendant and the individuals, I observed the defendant and two of the other individuals run. I observed the defendant stop in front of an apartment building door and observed the defendant trying to open said door.
>
> After stopping the defendant, I observed the defendant state in substance: I LIVE AT THAT APARTMENT. I HAVE FAMILY THAT LIVES IN THAT APARTMENT. However, the defendant was unable to open said apartment.
>
> Later, inside of the 28th precinct, I observed the defendant state in substance: I LIVE IN 1E. THAT'S. NOT MY APARTMENT. THAT'S MY BROTHER'S APARTMENT. MY BROTHER'S NAME IS [       ]. I then went back to said apartment. I am informed by Police Officer Thomas Dunn, shield number 29032 of the Patrol Borough Manhattan North, that Officer Dunn observed a broken mailbox for apartment 1E and observed that the mail inside of said mailbox did not contain the name "[       ]." I also observed after knocking on all doors for the first floor that there was no apartment with the number 1E.

31. These allegations are lies.

32. Plaintiff was not with three individuals on the date of the incident.

33. Plaintiff was not inside of a staircase in the building at any point on the date of the incident.

34. Plaintiff did not run from Defendant SMITH or any other police officer on the date of the incident.

35. Plaintiff stopped in front of Apt. 1E, and knocked on its door, before he spoke with any police officer in the building on the date of the incident.

36. Plaintiff explained to the JOHN DOES officers, including Defendant SMITH, that Apt. 1E was his brother's apartment, and that he had grown up in the apartment, and that he was also going to visit his family friend in Apt. 5F.

37. There indeed is an Apt. 1E in the building (which is why there was a mailbox marked 1E), and Plaintiff's brother (and his wife and children) were the lawful tenants of Apt. 1E on the date of the incident.

38. Plaintiff was held in custody until he was arraigned at approximately 4 p.m. on November 11, 2012, and released on his own recognizance.

39. Plaintiff had to make numerous appearances in New York County Criminal Court to defend against the false charges.

40. All charges against Plaintiff were dismissed in their entirety on March 28, 2013 on the motion of the District Attorney's Office.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

41. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. By their conduct and actions in falsely arresting, unlawfully strip searching, maliciously prosecuting, abusing process against, assaulting and battering, violating the rights to equal protection of law of, inflicting emotional distress upon, failing to intercede on behalf of, and

fabricating a false account surrounding the incident regarding, plaintiff, defendants POLICE OFFICER WILLIAM SMITH, POLICE OFFICER THOMAS DUNN, POLICE OFFICER WILLIAM GARCIA and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

43. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

44. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

46. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

47.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

48.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

49.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

50.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  These policies, practices, customs, and usages were a direct

and proximate cause of the unconstitutional conduct alleged herein.

51. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops, frisks, and arrests - both in general and on public housing property and in TAP (Trespass Affidavit Program) buildings - which are implemented disproportionately upon men of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

52. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of unreasonably and excessively prolonging the transport of arrestees in their custody, and of applying handcuffs with excessive and punitive tightness.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

53. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
            July 10, 2015

                                        _____
                                        JEFFREY A. ROTHMAN, Esq.
                                        315 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 227-2980
                                        Attorney for Plaintiff